IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KERRY BIGELOW,                        )
                                      )
            Plaintiff,                )
                                      )
        v.                            )      1:12CV396
                                      )
TAPROCK ENTERPRISES, d/b/a            )
Jani-King of the Triad, et al.,       )
                                      )
            Defendants.               )

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1), which Plaintiff filed in conjunction with a pro se form Complaint (Docket Entry 2). The Court will grant the instant Application for the limited purpose of recommending that this action be dismissed for lack of subject matter jurisdiction.

The Complaint purports to invoke this Court's "Federal question" jurisdiction. (Id. at 1.)[1] However, the Complaint actually alleges state-law claims for breach of contract and deceptive trade practices arising from a business dispute regarding a janitorial franchise. (Id. at 1-4; see also Docket Entry 2-1 at 8.) "'[F]ederal courts are courts of limited jurisdiction,'

---

[1] This reference to federal question jurisdiction appears to flow from a misunderstanding of the reach of such jurisdiction. (See Docket Entry 2 at 3 ("The basis of my claim for this case to be taken to federal as opposed to state is because state court only rewards $5,000.00 or less, and I am asking for $10,000.00, which qualifies to go federal.").)

constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking the jurisdiction of the Court, here Plaintiff, "has the burden of proving the existence of subject matter jurisdiction." Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has not carried that burden in this case because the Complaint sets forth traditional state causes of action not any federal question.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL**.

**IT IS RECOMMENDED** that this action be **DISMISSED** for lack of subject-matter jurisdiction.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 23, 2012

---

[2] Although in one place the Complaint uses the terms "Constitutional torts" and "wrongful discharge" (Docket Entry 2 at 2), none of the substantive allegations of the Complaint describe any constitutional or federal statutory violation of any sort (see id. at 1-4.) Nor, given its allegations regarding the citizenship of the parties and the amount in controversy (see id. at 1, 4), could the Complaint come within the reach of the diversity statute, 28 U.S.C. § 1332. Moreover, none of the other specialized jurisdictional statutes of which the undersigned United States Magistrate Judge is aware, see 28 U.S.C. §§ 1330, 1333-1336, 1338-1369, apply to the Complaint's allegations.